UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES P. WANGER, | Hon. Stanley R. Chesler |
| Petitioner, | Civil No. 09-6307 (SRC) |
| v. | |
| GEORGE HAYMAN, et al., | OPINION |
| Respondents. | |

APPEARANCES:

    JAMES P. WANGER, #922118B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner Pro Se

**CHESLER**, District Judge

James P. Wanger ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Passaic County, on November 19, 1993. For the reasons expressed below, and because the Petition, as drafted and read in light of the pertinent state court decisions in Petitioner's Appendix, shows that the claims are time barred, this Court will dismiss the Petition and deny a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Passaic County, on November 19, 1993, after a jury found him guilty first-degree murder, second-degree conspiracy to commit murder, first-degree attempted murder,

third-degree possession of weapons for unlawful purposes, fourth-degree tampering with evidence, third-degree hindering his own apprehension or prosecution, second-degree conspiracy to commit arson, and second-degree aggravated arson. The Law Division imposed an aggregate sentence of life imprisonment plus 36 years, with a parole ineligibility period of 40 years. See State v. Wanger, Docket No. A-2122-93T3 opinion at 2 (N.J. Super., App. Div., Mar. 17, 1995) (Docket entry #2-1 at p. 30.). Petitioner appealed and on March 17, 1995, the New Jersey Superior Court, Appellate Division, affirmed the conviction and sentence. The New Jersey Supreme Court denied certification on February 5, 1997. State v. Wanger, 148 N.J. 459 (1997) (table).

Petitioner filed his first state petition for post-conviction relief on September 8, 1997. See State v. Wanger, Docket No. 1474-02T4 sl. opinion at 2 (N.J. Super. Ct., App. Div., Nov. 20, 2003) (Docket entry #2-1 at p. 41.) By order entered September 27, 2001, the Law Division denied relief without conducting an evidentiary hearing. (Docket entry #2-1 at 39.) On November 20, 2003, the Appellate Division remanded. See State v. Wanger, Docket No. 1474-02T4 sl. opinion (N.J. Super. Ct., App. Div., Nov. 20, 2003) (Docket entry #2-1 at p. 41.) By order filed September 24, 2004, the Law Division denied Petitioner's request for an evidentiary hearing and again denied the petition for post-conviction relief. (Docket entry #2-1 at 48.) On March 9, 2006, the Appellate Division affirmed. See State v. Wanger, Docket No. A-1390-04T4 sl. opinion (N.J. Super., Ct., App. Div., Mar. 9, 2006) (Docket entry #2-1 at p. 49.). The New Jersey Supreme Court denied certification on October 19, 2006. See State v. Wanger, 188 N.J. 493 (2006) (table).

2

On May 2, 2007, Petitioner executed his second state petition for post-conviction relief, which was filed on May 25, 2007. (Pet. ¶ 11(b)(3) (Docket entry #2-2 at 3). By order filed July 19, 2007, the Law Division denied relief without conducting an evidentiary hearing. (Docket entry #2-2 at 28.) The Appellate Division affirmed on September 25, 2008 (Docket entry #2-2 at 36), and the New Jersey Supreme Court denied certification on December 15, 2008. See State v. Wanger, 197 N.J. 259 (2008) (table).

Petitioner executed the § 2254 Petition, which is presently before this Court, on December 3, 2009. The Petition, as amended by Petitioner's brief, raises three grounds:

> Ground One: PETITIONER DOES NOT ACCEPT THE STATE RECORD AS IS, AND RESERVES THE RIGHT TO REFUTE THE ADEQUACY OF SAME IF IT BECOMES AN ISSUE BEFORE THIS COURT.
>
> Ground Two: PETITIONER SUBMITS THAT PURSUANT TO 28 U.S.C. § SEC. 2254(b)[(1)(B)](ii) THIS COURT HAS THE STATUTORY AUTHORITY FOR EXEMPTION IF THE SITUATION ARISES PURSUANT TO AN "INEFFECTIVE CORRECTIVE PROCESS" WHERE STATE REMEDY POSSIBLY WOULD HAVE BEEN INADEQUATE OR FUTILE.
>
> Ground Three: PETITIONER WAS DENIED HIS CONSTITUTIONAL DUE PROCESS RIGHTS TO A FAIR TRIAL BECAUSE THE JURY CHARGE WAS CONTRARY TO THE SIXTH AND FOURTEENTH AMENDMENTS.

(Brief, Legal Argument) (Docket entry #2 at p. 3.)

## II. DISCUSSION

A. Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the

grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to <u>sua sponte</u> dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland</u>, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>see also</u> <u>McFarland</u>, 512 U.S. at 856; <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." <u>See also</u> Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to

> a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

B.  Statute of Limitations

Prior to substantively examining the Petition or ordering an answer, this Court will determine whether the Petition and relevant state court decisions (which Petitioner submitted as exhibits), show that the Petition is time barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks sufficient information to establish timeliness, but may do so where untimeliness is clear from the face of the petition or pled as an affirmative defense); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted). As the Supreme Court explained,

> an application is *"properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2), whether the statute of limitations is jurisdictional or an affirmative defense). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007).[1]

The AEDPA statute of limitations is also subject to equitable tolling. See Urcinoli v. Catahel, 546 F. 3d 269, 272 (3d Cir. 2008); Miller, 145 F.3d at 618. "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'" Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005);

---

[1] Nor does the petitioner's properly filed motion for discretionary reduction of the sentence, which does not challenge the lawfulness of the sentence, result in statutory tolling. See Hartmann v. Carroll, 492 F. 3d 478 (3d Cir. 2007).

7

see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005) (equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims"). Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).[2]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

---

[2] For example, in Urcinoli v. Cathel, 546 F. 3d 269 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit determined that equitable tolling was warranted where the District Court's sua sponte dismissal of the first § 2254 petition as mixed (which dismissal occurred after the one year limitations period had already expired), prevented the petitioner in an extraordinary way from pursuing his exhausted claims, since the petitioner was not given the option of proceeding only on the exhausted claims. Similarly, in Taylor v. Horn, 504 F. 3d 416, 426-27 (3d Cir. 2007), the Third Circuit affirmed the District Court's ruling that, where the District Court declined to stay a mixed § 2254 petition but noted that Taylor's filing of an exhausted petition would relate back under Federal Rule of Civil Procedure 15(c), equitable tolling was warranted. And in Brinson v. Vaughn, 398 F. 3d 225, 230 (3d Cir. 2005), the Court of Appeals held that an extraordinary circumstance exists "where a court has misled a party regarding the steps that the party needs to take to preserve a claim."

In this case, the applicable limitations provision is § 2244(d)(1)(A). Wanger's judgment of conviction became final on May 7, 1997, when the time to file a petition for certiorari expired. See 28 U.S.C. § 2244(d)(1)(A). The 365-day limitations period began the next day on May 8, 1998, and ran for 123 days until it was statutorily tolled upon Petitioner's filing of his first state petition for post-conviction relief on September 8, 1997. The limitations period picked up on October 20, 2006, the day after the New Jersey Supreme Court denied certification on post conviction review, see State v. Wanger, 188 N.J. 493 (2006) (table), and ran for 217 days. Petitioner filed his second state petition for post-conviction relief on May 25, 2007. The Appellate Division held that the petition was barred by New Jersey Court rule 3:22-12 as untimely, as well as Rule 3:22-5 because the only ground raised had been adjudicated on direct appeal. See State v. Wanger, Docket No. A-6702-06T4 sl. opinion (N.J. Super. Ct., Sept. 25, 2008). While a state post-conviction relief petition that was rejected by the state courts as untimely does not statutorily toll the limitations period because it is not "properly filed," see Allen v. Siebert, 128 S. Ct. 2 (2007); Pace, 544 U.S. at 414, a claim that is "rejected on the basis of 'procedural bars [that] go to the ability to obtain relief'" is generally considered "properly filed" under § 2244(d)(2) because such procedural bars do not constitute filing conditions. Allen, 552 U.S. at 6 (quoting Pace, 544 U.S. at 417). This Court need not determine whether Petitioner's second state petition for post-conviction relief was "properly filed," however, because the instant § 2254 Petition is untimely even if the limitations period was tolled during the pendency of the second PCR petition (from May 25, 2007, through December 15, 2008). Assuming without deciding that such statutory tolling was warranted, Petitioner had used 340 days (123 days plus 217 days) of the 365-day limitations period by the time he filed the second

9

PCR petition on May 25, 2007. The limitations period necessarily picked-up on December 16, 2008 (the day after the New Jersey Supreme Court denied certification, see State v. Wanger, 197 N.J. 259 (2008) (table)), and ran for 25 days until it expired on January 10, 2009. Because Petitioner did not execute his § 2254 Petition until December 3, 2009, eleven months after the limitations period expired, the Petition is time barred unless equitable tolling is warranted. However, nothing set forth in Petitioner's 46-page Letter Brief indicates that Petitioner was prevented by extraordinary circumstances from pursuing his rights.[3] Nor do Petitioner's submissions indicate that he exercised diligence in pursuing his rights. As the Supreme Court observed in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid justification, to assert these claims in his . . . PCRA petition. Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal. And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court. Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

In this case, nothing in Petitioner's lengthy letter brief insinuates that he was either prevented from asserting his claims by extraordinary circumstances, or that he exercised reasonable diligence in pursuing his rights. Under these circumstances, equitable tolling of the statute of limitations for at least 327 days does not appear to be available. And because nothing

---

[3] Attorney error regarding the calculation of the limitations period under 28 U.S.C. § 2244(d) or otherwise is generally not an extraordinary circumstance warranting equitable tolling in non-capital cases. See Lawrence v. Florida, 127 S. Ct. at 1085. Nor is excusable neglect. See Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

indicates that the interests of justice would be better served by addressing the merits, see Day, 547 U.S. at 210, this Court will dismiss the Petition as time barred.

This Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition (which are not set forth in Petitioner's letter brief), and might wish to raise these grounds to show timeliness of his Petition. See Day, 547 U.S. at 210 (before acting on timeliness of petition on its own initiative, court must accord Petitioner fair notice and an opportunity to present his position); Tozer v. Powers, Docket No. 08-2432 (RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008). This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely. This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

C. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

STANLEY R. CHESLER, U.S.D.J.

DATED: 3/11, 2010