**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES P. WANGER, | : | **Hon. Stanley R. Chesler** |
| Petitioner, | : | Civil No. 09-6307 (SRC) |
| v. | : | |
| GEORGE HAYMAN, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

> JAMES P. WANGER, #922118B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey 08625
> Petitioner Pro Se

**CHESLER, District Judge**

James P. Wanger ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Passaic County, on November 19, 1993. By Order entered March 12, 2010, this Court dismissed the Petition as untimely, denied a certificate of appealability, permitted Petitioner to file (within 30 days) a statement showing that the Petition is not time barred, and administratively terminated the case, subject to reopening. On April 12, 2010, Petitioner filed a statement in which he argues that the Petition should not be considered untimely. For the reasons expressed below, this Court will reconsider whether the Petition is time barred, dismiss the Petition as untimely after reconsideration, and deny a certificate of appealability.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Passaic County, on November 19, 1993, after a jury found him guilty of first-degree murder, second-degree conspiracy to commit murder, first-degree attempted murder, third-degree possession of weapons for unlawful purposes, fourth-degree tampering with evidence, third-degree hindering his own apprehension or prosecution, second-degree conspiracy to commit arson, and second-degree aggravated arson. The Law Division imposed an aggregate sentence of life imprisonment plus 36 years, with a parole ineligibility period of 40 years. See State v. Wanger, Docket No. A-2122-93T3 opinion at 2 (N.J. Super., App. Div., Mar. 17, 1995) (Docket entry #2-1 at p. 30.). Petitioner appealed and on March 17, 1995, the New Jersey Superior Court, Appellate Division, affirmed the conviction and sentence. The New Jersey Supreme Court denied certification on February 5, 1997. See State v. Wanger, 148 N.J. 459 (1997) (table).

Petitioner filed his first state petition for post-conviction relief on September 8, 1997. See State v. Wanger, Docket No. 1474-02T4 sl. opinion at 2 (N.J. Super. Ct., App. Div., Nov. 20, 2003) (Docket entry #2-1 at p. 41.) By order entered September 27, 2001, the Law Division denied relief without conducting an evidentiary hearing. (Docket entry #2-1 at 39.) On November 20, 2003, the Appellate Division remanded. See State v. Wanger, Docket No. 1474-02T4 sl. opinion (N.J. Super. Ct., App. Div., Nov. 20, 2003) (Docket entry #2-1 at p. 41.) By order filed September 24, 2004, the Law Division denied Petitioner's request for an evidentiary hearing and again denied the petition for post-conviction relief. (Docket entry #2-1 at 48.) On March 9, 2006, the Appellate Division affirmed. See State v. Wanger, Docket No. A-1390-04T4

sl. opinion (N.J. Super., Ct., App. Div., Mar. 9, 2006) (Docket entry #2-1 at p. 49.). The New Jersey Supreme Court denied certification on October 19, 2006. See State v. Wanger, 188 N.J. 493 (2006) (table).

On May 2, 2007, Petitioner executed his second state petition for post-conviction relief, which was filed on May 25, 2007. (Pet. ¶ 11(b)(3) (Docket entry #2-2 at 3). By order filed July 19, 2007, the Law Division denied relief without conducting an evidentiary hearing. (Docket entry #2-2 at 28.) The Appellate Division affirmed on September 25, 2008 (Docket entry #2-2 at 36), and the New Jersey Supreme Court denied certification on December 15, 2008. See State v. Wanger, 197 N.J. 259 (2008) (table).

Petitioner executed the § 2254 Petition, which is presently before this Court, on December 3, 2009. The Petition, as amended by Petitioner's brief, raises three grounds:

> Ground One:  PETITIONER DOES NOT ACCEPT THE STATE RECORD AS IS, AND RESERVES THE RIGHT TO REFUTE THE ADEQUACY OF SAME IF IT BECOMES AN ISSUE BEFORE THIS COURT.
>
> Ground Two:  PETITIONER SUBMITS THAT PURSUANT TO 28 U.S.C. § SEC. 2254(b)[(1)(B)](ii) THIS COURT HAS THE STATUTORY AUTHORITY FOR EXEMPTION IF THE SITUATION ARISES PURSUANT TO AN "INEFFECTIVE CORRECTIVE PROCESS" WHERE STATE REMEDY POSSIBLY WOULD HAVE BEEN INADEQUATE OR FUTILE.
>
> Ground Three:  PETITIONER WAS DENIED HIS CONSTITUTIONAL DUE PROCESS RIGHTS TO A FAIR TRIAL BECAUSE THE JURY CHARGE WAS CONTRARY TO THE SIXTH AND FOURTEENTH AMENDMENTS.

(Brief, Legal Argument) (Docket entry #2 at p. 3.)

By Order and accompanying Opinion entered March 12, 2010, this Court dismissed the Petition as untimely and denied a certificate of appealability. This Court reasoned that, since Wanger's judgment of conviction became final on May 7, 1997 (when the time to file a petition for certiorari expired), see 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period began the next day on May 8, 1997, and ran for 123 days until it was statutorily tolled upon Petitioner's filing of his first state petition for post-conviction relief on September 8, 1997. The limitations period picked up on October 20, 2006, the day after the New Jersey Supreme Court denied certification on post conviction review, see State v. Wanger, 188 N.J. 493 (2006) (table), and ran for 217 days until Petitioner filed his second state petition for post-conviction relief on May 25, 2007. Assuming *arguendo* that the limitations period was tolled during the pendency of the second PCR petition (from May 25, 2007, through December 15, 2008), this Court noted that Petitioner had used 340 days (123 days plus 217 days) of the 365-day limitations period by the time he filed the second PCR petition on May 25, 2007. The limitations period necessarily picked-up on December 16, 2008 (the day after the New Jersey Supreme Court denied certification, see State v. Wanger, 197 N.J. 259 (2008) (table)), and ran for 25 days until it expired on January 10, 2009. Because Petitioner did not execute his § 2254 Petition until December 3, 2009, eleven months after the limitations period expired, this Court determined that the Petition was time barred where nothing set forth in Petitioner's 46-page Letter Brief indicated that Petitioner was prevented from asserting his claims by extraordinary circumstances or that he exercised due diligence in pursuing his rights. This Court ruled that the interests of justice would not be better served by addressing the merits of the grounds raised in the § 2254 Petition and dismissed the Petition as untimely. See Day, 457 U.S. at 210. However, this Court permitted

Petitioner to submit a statement showing that the Petition is not time barred. On April 12, 2010, Petitioner filed a seven-page statement. This Court reopened the file to consider Petitioner's arguments.

## II. DISCUSSION

### A. Applicability of 28 U.S.C. § 2244(d)(1)(C) and (D)

Petitioner asserts without explanation that he "believes that the provision of 28 U.S.C. 2244(d)(1) (C) and (D) apply to this petition." (Docket Entry #6, p. 4.) The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

Under § 2244(d)(1)(C), the limitations period begins to run on the date on which the constitutional right asserted was initially recognized by the Supreme Court, provided that the

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). However, § 2244(d)(1)(C) does not govern any of Petitioner's claims because none of the three grounds raised in the Petition relies on a constitutional right newly recognized by the United States Supreme Court.

Under § 2244(d)(1)(D), the limitations period begins to run on the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). However, § 2244(d)(1)(D) does not govern any of Petitioner's claims because none of the three grounds relies on a new factual predicate.

B. Statutory Tolling

Petitioner argues that this Court erred by failing to statutorily toll the limitations period, pursuant to 28 U.S.C. § 2244(d)(2), during the pendency of his second state PCR petition (from May 25, 2007, through December 15, 2008). This argument is without merit because, in finding the Petition time barred, this Court statutorily tolled the limitations period during the pendency of Petitioner's first and second state PCR petitions.

C. Equitable Tolling

In response to this Court's Opinion and Order, Petitioner filed a seven-page statement. (Docket Entry #6.) Petitioner argues:

> On September 24, 2009, the petitioner went to lock-up and then to administrative segregation, and was in ad-seg when he filed his 2254 petition on December 9, 2009. The petitioner was under lock-down conditions, and was not permitted law library passes. Legal access was given by requesting a law library paralegal to visit when his schedule and the prison's schedule permitted. Please consider tolling the administrative segregation time.

(Docket Entry #6, p. 5.)

The problem with this tolling argument is that the one-year statute of limitations expired on January 10, 2009, before Petitioner was placed in segregated confinement on September 24, 2009. As Petitioner suggests no other basis for equitable tolling, this Court rejects Petitioner's argument that his untimeliness is excused as a result of equitable tolling of the limitations period.

Petitioner also asserts that the interests of justice would be better served if this Court were to address his due process challenges to the instructions. In the legal memorandum supporting the Petition, Petitioner argues that the accomplice charge violated due process and that the failure to instruct on the lesser included offenses to murder violated due process under State v. O'Carroll, 385 N.J. Super. 211 (N.J. Super. Ct., App. Div., 2006).[1] (Docket Entry #2.) In this case, Petitioner presented his O'Carroll claim to the Appellate Division on appeal from the denial of his second state PCR petition. The Appellate Division rejected the claim since the evidence provided no basis to charge manslaughter. (Docket Entry #2-2, pp. 36-38.) Petitioner presented his challenge to the accomplice liability charge on direct appeal, arguing that the trial court committed reversible error by charging the jury on two alternate theories of murder, i.e., Petitioner strangled the victim and Petitioner was an accomplice to the murder. The Appellate Division summarily rejected the claim on direct appeal. (Docket Entry #2-1, p. 30)

The interests of justice do not warrant untimely consideration of Petitioner's challenges to the instructions primarily because Petitioner could not be granted habeas relief where neither of these claims assert a due process violation recognized by the Supreme Court. See, e.g., Smith v. Spisak, __ U.S. __, 130 S. Ct. 676, 684 (2010) (no right to habeas relief if Supreme Court has not

---

[1] In O'Carroll, the Appellate Division ruled that, where the evidence presented a rational basis to have found the defendant guilty of the lesser included offenses of aggravated and reckless manslaughter, it was plain error not to charge these lesser included offenses.

previously held jury instruction unconstitutional for same reason); Waddington v. Sarausad, 555 U.S. 179 (2009) (rejecting a habeas petitioner's claim that an accomplice liability instruction was so ambiguous as to violate due process); Dansby v. Trombley, 369 F. 3d 657, 659 (6th Cir. 2010) ("Dansby's [§ 2254] claim fails because the Supreme Court has never held that due process requires the giving of jury instructions on lesser-included offenses in noncapital cases"); Sabillo v. Secretary, Dept. of Corrections, 355 Fed. App'x 346, 349 (11th Cir. 2009) ("Sabillo argues that due process required that he receive a lesser-included instruction, but the Supreme Court has never addressed whether the Due Process Clause would require the giving of such instructions in a noncapital case") (citation and internal quotation marks omitted); Carney v. Fabian, 487 F. 3d 1094, 1097 n.5 (8th Cir. 2007) ("Because the Supreme Court has never held that due process requires the giving of lesser-included-offense instructions in noncapital cases, the trial court's refusal to give the heat-of-passion manslaughter instruction here cannot be considered to be contrary to clearly established federal law") (citation and internal quotation marks omitted); Dockins v. Hines, 374 F. 3d 935, 938 (10th Cir. 2004) (rejecting habeas claim that trial court improperly failed to instruct on a lesser included offense because "[t]he Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases"). Under these circumstances, consideration of Petitioner's claims on the merits is not warranted in the interest of justice.

D. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely after consideration of Petitioner's arguments, and denies a certificate of appealability.

_____
STANLEY R. CHESLER, U.S.D.J.

DATED: _____, 2010